IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-CR-20004-DGK |
| ) | |
| LEVI WHITE, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON GOVERNMENT'S MOTIONS IN LIMINE**

This case arises from an allegation that Defendant Levi White, a Crawford County deputy sheriff, used unreasonable force while effectuating the arrest of R.W. on August 21, 2022. The Government has charged Defendant with one count of Deprivation of Rights in violation of 18 U.S.C. § 242. Trial is set for May 6, 2024.

Now before the Court is the Government's motions in limine. ECF Nos. 73, 74. For the reasons stated below, the motions are GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.

Because the Court ordered additional briefing and a hearing on the Government's remaining motion in limine to exclude Dr. Howard T. Katz's expert testimony, ECF No. 72, the Court defers ruling on that motion at present.

    I.    **The Government's Omnibus Motion in Limine.  ECF No. 74.**

        A.    **The parties cannot reference R.W.'s pending civil suit.**

The Government moves to exclude any references to R.W.'s pending civil suit against Defendant unless R.W. testifies. If R.W. testifies, the Government argues Defendant should be

limited to referencing the civil lawsuit in the context of discussing R.W.'s credibility. Defendant does not oppose this limitation. This part of the motion is GRANTED.

> **B. Defendant is generally precluded from introducing his own self-serving hearsay statements absent an exception.**

The Government moves to exclude Defendant from introducing his own self-serving out-of-court statements about his version of the events or from eliciting witness testimony about such statements unless Defendant takes the stand and is subject to cross examination. Defendant agrees Federal Rule of Evidence 801(d)(2) precludes him from putting his out-of-court statements before the jury without taking the stand. However, Defendant argues his out-of-court statements may come in under FRE 106 and 803(6) depending on the Government's evidence at trial.

At this time, it is unclear what testimony the Government seeks to introduce that may implicate FRE 106 and 803(6). Further, the Court has ordered a Daubert hearing on Defendant's expert, Dr. Katz, which may affect what medical records are introduced into evidence.

According, this part of the motion is GRANTED IN PART and the balance TAKEN UNDER ADVISEMENT. Unless Defendant has already testified, Defendant may not introduce statements about his version of the events or elicit statements from witnesses about such statements without first approaching the Court out of the jury's hearing.

> **C. The parties cannot reference Defendant's potential sentence or punishment.**

The Government moves to exclude any references to Defendant's potential sentence in this case. Defendant does not oppose this exclusion. This part of the motion is GRANTED.

> **D. Defendant's character evidence is limited to reputation or opinion testimony.**

The Government moves to exclude Defendant from introducing evidence of his general good character and specific instances of good conduct, including any awards, commendations, recognitions, or good acts toward friends or family members since Defendant's character is not an

2

essential element of the charge, claim, or defense. The Government wants to limit Defendant's character evidence to reputation or opinion testimony concerning only "pertinent" traits, i.e., his law-abiding character. The Government is essentially asking the Court to enforce FRE 404(a)(2)(A) and 405(a). Defendant objects, stating simply that "[a]ny evidence offered by the Defendant will be 'pertinent' to the issues before the jury." Resp. at 3, ECF No. 78. This response is vague and unhelpful.

The Court agrees Defendant's character is not an element of the crime or defenses at issue, so Defendant cannot introduce specific instances of good conduct. *See* FRE 405(b); *see also United States v. Navedo-Ramirez*, 781 F.3d 563, 569 (1st Cir. 2015) (finding district court properly excluded evidence of a police officer's performance evaluations because they were not pertinent to the crimes charged). Defendant has not articulated any pertinent character traits at issue, and the Court sees none at present. Defendant may not introduce character traits he believes are "pertinent" without first approaching the Court out of the jury's hearing.

Accordingly, this part of the motion is GRANTED.

### E.     Defendant is precluded from introducing evidence of R.W.'s character, bad acts, and criminal history, except as relevant to his character for truthfulness if he takes the stand.

The Government moves to exclude evidence of R.W.'s character, bad acts, and criminal history, except as relevant to his character for truthfulness if he testifies. The Government argues that should R.W. testify and put his truthfulness at issue, Defendant may reference only Defendant's 2020 felony conviction for assaulting a police officer for impeachment purposes under FRE 609(a). Further, the Government wants to limit any reference to this conviction to the name of the offense, the date of the conviction, and the sentence imposed. Defendant objects to such a blanket restriction.

3

First, Defendant argues he can cross examine each witness about R.W.'s character and reputation for violence/resisting arrest since the issue is relevant to show R.W. was the proposed aggressor in his self-defense claim.

Since neither party disputes R.W. was the initial aggressor, R.W.'s character and reputation for violence is irrelevant to Defendant's self-defense claim. *See United States v. Gregg*, 451 F.3d 930, 934 (8th Cir. 2006) (quoting *United States v. Emeron Taken Alive*, 262 F.3d 711, 714 (8th Cir. 2001) ("When a defendant raises a self-defense claim, reputation evidence of the victim's violent character is relevant *to show the victim as the proposed aggressor*.") (emphasis added)).

Second, Defendant argues he can introduce R.W.'s nine prior convictions, wrongs, or other bad acts because they are relevant to his self-defense claim. Specifically, he argues the nine prior convictions prove (1) R.W.'s motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident under FRE 404(b)(2); and (2) his habit of reacting violently to uniformed police officers under FRE 406.

This argument is unavailing. R.W.'s state of mind is not relevant to Defendant's self-defense claim. The relevant question for self-defense is not what R.W.'s state of mind was, but rather what *Defendant's* state of mind was at the time of the incident. *See United States v. Bordeaux*, 570 F.3d 1041, 1049–50 (8th Cir. 2009); *Gregg*, 451 F.3d at 935. "Evidence of specific instances of a victim's prior violent conduct for purposes of proving a defendant's state of mind . . . is only admissible to the extent a defendant establishes knowledge of such prior violent conduct at the time of the conduct underlying the offense charged." *Gregg*, 451 F.3d at 935. Here, there is no evidence Defendant was aware of R.W.'s prior acts at the time of the incident. *See Bordeaux*, 570 F.3d at 1050; *see also Navedo-Ramirez*, 781 F.3d at 568–69. Even if R.W.'s state of mind

was relevant, the danger of unfair prejudice substantially outweighs its probative value. *See* FRE 403.

This part of the motion is GRANTED. Defendant may only offer evidence of R.W.'s 2020 felony conviction—or any other conviction that satisfies FRE 609(a)—for impeachment purposes if R.W. testifies. Reference to this offense is limited to the name of the offense, the date of the conviction, and the sentence imposed. Defendant may not delve into the specifics of this offense without further order of the Court.

**F.    Defendant is prohibited from referencing the Government's failure to call equally available witnesses.**

The Government moves to prohibit Defendant from referencing the Government's failure to call witnesses who are equally available to both parties. Defendant objects on the grounds the Government failed to cite a rule of evidence prohibiting such.

"[D]rawing any inference from a party's failure to call a witness equally available to both sides is impermissible." *United States v. Iredia*, 866 F.2d 114, 118 (5th Cir. 1989). Accordingly, this part of the motion is GRANTED.

**II.   The Government's Motion to Exclude Improper Use of Force Testimony. ECF No. 73.**

The Government moves to exclude four categories of Defendant's force expert, Mark Dunston's proposed testimony: (1) testimony about whether Defendant's force was "lawful," "reasonable," "justified," or "appropriate;" (2) testimony about Defendant's intent, reasoning, or mental state at the time of the incident; (3) testimony instructing the jury on the legal standard governing Defendant's use of force; and (4) testimony purporting to resolve disputed issues of fact. The Government does not object to Dunston's qualifications or his proposed testimony

explaining use of force techniques and addressing whether, in his opinion, Defendant's actions were consistent with accepted police practices and training.

Defendant argues the Government "grossly mischaracterizes" Dunston's anticipated testimony, and it should be admitted in its entirety. The Government did not file a reply.

As a general matter, the Court agrees experts cannot offer testimony on the four categories outlined above. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (expert testimony cannot go to the ultimate issue of the "reasonableness" of an officer's actions); FRE 704(b) (stating "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense"); *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) (stating "expert testimony on legal matters is not admissible"); *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010) (finding factual determinations that do not assist the jury but rather tell them what result to reach are impermissible).

After reviewing Dunston's report, the Court finds it contains a handful of impermissible expert testimony. For instance:

- "[Defendant] was <u>statutorily allowed</u> to respond with physical force against [R.W]." *See* Expert Rep. at 4, 73-1.

- Citation and reference to Supreme Court cases, Arkansas statutes, and other law. *Id.*

- "[I]t is my opinion that [Defendant] acted in a manner consistent with <u>acceptable law</u> . . . " *Id.* at 6.

The Court will not let this proposed testimony, or other similar testimony into evidence. Other testimony may or may not be admissible depending on the context in which it is offered.

Dunston may, however, testify that Defendant, in his opinion, acted consistent with acceptable police practices and training for which he is familiar with. *See Williams v. Tidgwell*,

6

No. 15-CV-4501 (RHK/FLN), 2017 WL 6062897, at *2 (D. Minn. July 26, 2017) (citing *Pine Helicopters, Inc.*, 320 F.3d at 841). This includes testimony about how officers are trained, so long as it does not tell the jury what the law is. For instance, contrary to the Government's argument, the following testimony is permissible:

- "The considerations when measuring a use of force by a law enforcement officer is trained to trainers and law enforcement executives to include the severity of the crime being committed by the suspect, whether the suspect poses an imminent threat to the safety of the officers, and whether the suspect is actively resisting arrest or is attempting to evade arrest." Expert Rep. at 4.

The Court will monitor Dunston's expert testimony closely at trial. Should his testimony begin to approach the bounds of this Order, the parties should approach the Court out of the jury's hearing before proceeding.

Accordingly, the motion is GRANTED IN PART and DENIED IN PART.

## Conclusion

For the foregoing reasons, the Government's motions in limine are GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.

**IT IS SO ORDERED.**

Date:  April 15, 2024 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT